UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHANA COLON, *et al.*,

    Plaintiff,

v.                              CASE NO. 8:22-cv-888-TPB-TGW

KEVIN G. JOHNSON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    The plaintiffs filed an Unopposed Motion for Final Approval of Class Action Settlement (Doc. 290) and an Unopposed Motion for Attorneys' Fees, Costs and Administrative Expenses (Doc. 283). Both motions were referred to me. Upon consideration of the submissions and the Court's Order Granting Preliminary Approval of Class Action Settlement, I recommend that these motions be granted and, accordingly, that the court give final approval of the Class Action Settlement.

I.

    In December 2015, the Advanced Diagnostic Group Employee Stock Ownership Plan (ESOP) was established. The plaintiffs allege that the defendants violated ERISA throughout the entire lifespan of the ESOP, leading to substantial losses to the intended beneficiaries of the ESOP. The

proposed settlement class was estimated to be 185 members.

The parties reached a Settlement Agreement providing for $19 million dollars to be deposited into a Qualified Settlement Fund ("Settlement") (see Doc. 267-1). It was agreed that this sum would be reduced by attorneys' fees and litigation costs and expenses (id.).

The plaintiffs filed an Unopposed Motion for Preliminary Approval of this Class Action Settlement, which was referred to me (Doc. 274). As detailed in my Report and Recommendation, the plaintiffs: (1) satisfied the requirements to provisionally certify the proposed settlement class under Rule 23 of the Federal Rules of Civil Procedure; (2) established that the Settlement is provisionally adequate, fair and reasonable; and (3) prepared a proposed Notice that is adequate (Doc. 278).

United States District Judge Tom Barber adopted the Report and Recommendation and issued an Order granting Preliminary Approval of Class Action Settlement (Doc. 280). U.S. District Judge Barber found that, on a preliminary basis,

> (1) the settlement is fair, reasonable, and adequate, and within the range of possible approval; (2) the settlement has been negotiated in good-faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case and facilitated by an experienced mediator following substantial discovery; (3) the form and method of notice of the settlement of the

> final fairness hearing is appropriate; and (4) the settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and applicable Eleventh Circuit precedents. Accordingly, the Court preliminarily approves the settlement agreement in its entirety.

(id., pp. 1-2). Further, the court appointed Analytics Consulting LLC, as the settlement administrator, and Fiduciary Counselors as the independent fiduciary to review the proposed settlement, as required by ERISA.

The Notice of the proposed Settlement was mailed to class members on or before July 10, 2024 (Doc. 292). Notably, "[o]ut of 185 Settlement Notices that were mailed, none were ultimately undeliverable" (id., ¶3) (emphasis added).

The deadline to submit objections was September 18, 2024. Significantly, no objections were received as to any aspect of the proposed Settlement as of the deadline.

Additionally, Fiduciary Counselors, which evaluated the proposed Settlement, issued a Report in which it opined, among other favorable opinions, that

> [t]he Settlement terms, including the scope of the release of claims, the amount of cash received by the Plan and the amount of any attorneys' fee award or any other sums to be paid from the recovery, are reasonable in light of the Plan's likelihood of full recovery, the risks and costs of

3

litigation, and the value of claims forgone.

(Doc. 291-1, p. 1).

The Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs and Administrative Expenses (Doc. 283) and the Unopposed Motion for Final Approval of Class Action Settlement (Doc. 290) are timely filed. They were referred to me.

I subsequently held a Final Fairness Hearing. At the outset of the hearing, I asked if there were any objectors that wished to be heard, and there were none. Additionally, counsel for the parties confirmed that no objection was received to the settlement as of the objection deadline.

II.

A. As indicated, the Settlement Agreement was preliminarily approved in its entirety as "fair, reasonable and adequate" (Doc. 280, pp. 1-2). There has been no change in circumstances that warrant a different finding.

To the contrary, the lack of objection from class members (or anyone else, for that matter) supports the reasonableness of the Settlement, especially here, where the Notice of Settlement was delivered successfully to all class members. See In re Equifax Inc. Customer Data Sec. Breach Litig., 999 F.3d 1247, 1278 (11th Cir. 2021) (A factor in determining

approval of a class settlement is whether there are any substantial objections by class members or other parties to the settlement terms); Venerus v. Avis Budget Car Rental, LLC, 674 F. Supp. 3d 1107, 1113 (M.D. Fla. 2023) (same). Final approval of the Settlement is also buttressed by the opinion of the independent fiduciary that the Settlement is reasonable. I therefore recommend final approval of the Settlement.

B. The plaintiffs also request an award of $6,333,333.00 in attorneys' fees, which is equal to one-third of the Gross Settlement Fund. See In re Equifax Inc. Customer Data Sec. Breach Litig., supra, 999 F.3d at 1278 (In common fund settlements, an attorney's fee award "shall be based upon a reasonable percentage of the fund established for the benefit of the class."). The court, in preliminarily approving the Settlement, noted that Class Counsel would request up to one-third of the Gross Settlement amount as attorneys' fees (Doc. 267-1, ¶1.3).

As the plaintiffs state, "[o]ne third [of the Settlement Fund] is the percentage typically awarded in complex ERISA cases ..." (Doc. 290, pp. 17-18; see also Doc. 283, pp. 2-3 & n.2). Furthermore, counsel asserts that, "[i]n light of the outstanding recovery achieved on behalf of Class Members, the extraordinary risk and investment made by Class Counsel, and the exceptional skill required to achieve this favorable outcome on behalf of

Class Members, Class Counsel's requested one-third fee is reasonable under all applicable Camden factors and should be awarded" in this case (Doc. 283, p. 18).[*] I agree.

Thus, Class Counsel have "invested more than 5,000 hours" in this case, and they anticipate that 100-200 additional hours of legal work will be necessary to fulfill their obligations (Doc. 283, pp. 6-7). Class Counsel's work is detailed in my Report and Recommendation (see Doc. 278).

Furthermore, as a contingency case, Class Counsel clearly accepted a significant risk in litigating this matter (Doc. 283, pp. 13-14). Not only have Class Counsel not received payment for their efforts, they advanced expenses exceeding $600,000.00. See In re Equifax Inc. Customer Data Sec. Breach Litig., supra, 999 F.3d at 1278 (considering whether it is a contingency case and the economics involved in prosecuting a class action in determining the reasonableness of attorneys' fees).

Additionally, the absence of objections to the requested attorneys' fees favors granting the award. See id.; Venerus v. Avis Budget Car Rental, LLC, 674 F. Supp. 3d 1107, 1113 (M.D. Fla. 2023).

---

[*] I note that the requested attorneys' fees amount roughly to a lodestar multiplier of 1.6. See Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000) (The lodestar remains useful as a "cross check" on the reasonableness of the requested percentage.). This lodestar is substantially less than the typical multipliers of 2.5 to 4 in class action cases (Doc. 283, p. 11, n. 6). See Smith v. Costa Del Mar, Inc., 3:18-cv-1011-TJC-JRK; 2021 WL 4295282 at *16 (listing cases).

6

In sum, there is no apparent circumstance that renders unreasonable the requested attorneys' fees award of $6,333,333.00. Accordingly, I recommend that Class Counsel be awarded the requested attorneys' fees.

C. Class Counsel also seeks reimbursement of litigation expenses of $615,148.25 and payment of $12,202.00 to Analytics Consulting, LLC (Doc. 283, p. 20).

Class Counsel Jennifer K. Lee itemized in her declaration the categories of expenses incurred in this case (Doc. 284, p. 5). These expenses are typically incurred during litigation, except for bankruptcy counsel and financial data subscriptions, both of which were appropriate in this case (see id.). The largest category of expenses was expert fees, which total $509,156.05. Considering the complexity of this case, and that Class Counsel had to advance the funds for all these expenses, I have no reason think any expense was unnecessary or that the amounts were excessive.

Therefore, I recommend the court find that the expenses incurred were reasonable and, accordingly, that Class Counsel receive reimbursement from the Settlement Fund. See Waters v. Int'l Precious Metals Corp., 190 F.3d 1291, 1298 (11th Cir. 1999) (Plaintiffs' attorneys "are entitled to reimbursement of those reasonable and necessary out-of-pocket

expenses incurred in the course of activities that benefitted the class.").

Finally, the plaintiffs request payment of $12,202.00 to Analytics Consulting, LLC, the Settlement Administrator. The Court appointed Analytics Consulting, LLC, as the Settlement Administrator (Doc. 280, p. 3). There is no apparent basis to conclude that the requested fee of $12,202.00 is unreasonable, especially considering its successful delivery of the proposed Notices of Settlement.

In sum, the categories of litigation expenses are appropriate for this case, and there is no apparent reason to find the amounts are unreasonable. Accordingly, I recommend that Class Counsel be reimbursed litigation expenses totaling $615,148.25 and that Analytics Consulting be paid its fee of $12,202.00.

III.

For the foregoing reasons, the evidence satisfies the legal requirements for final approval of the Settlement and the requested attorneys' fees. I therefore recommend that the Unopposed Motion for Final Approval of Class Action Settlement (Doc. 290) and the Unopposed Motion for Attorneys' Fees, Costs and Administrative Expenses (Doc. 283) be granted in their entirety.

The plaintiffs have filed a proposed Order Granting Final

Approval of Class Action Settlement (Doc. 290-1), the contents of which are acceptable to all parties.

Respectfully submitted,

*/s/ Thomas G. Wilson*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 12, 2024

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.