UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHANA COLON, et al.,

    Plaintiffs,

v.                                              Case No.: 8:22-cv-888-TPB-TGW

KEVIN G. JOHNSON, et al.,

    Defendants

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on consideration of the report and recommendation of Thomas G. Wilson, United States Magistrate Judge, entered on December 13, 2024. (Doc. 300). Judge Wilson recommends that "Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement" (Doc. 290) and "Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs & Administrative Expenses" (Doc. 283) be granted. On December 17, 2024, the parties filed a joint notice of non-objection. (Doc. 301). After review of the report and recommendation, the subject motions and the attachments thereto, the Court **ADOPTS** the report and recommendation, **GRANTS** the motion and **ORDERS** as follows:[1]

---

[1] All defined terms contained herein shall have the same meaning as set forth in the settlement agreement executed by the parties and filed with the Court.

1. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to this action, including all members of the settlement class.

2. Pursuant to Federal Rule of Civil Procedure 23(b)(1), the Court certifies, for settlement purposes only, the following settlement class:

> All Participants who were issued a distribution from the Plan, or their Beneficiaries or Alternate Payee, excluding Leigh Anne Fernandes and Dale Hersey.

The Court finds that this settlement class meets all of the requirements of Rule 23(a)( and 23(b)(1).

3. Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves of the settlement agreement and finds it to be fair, reasonable, and adequate.

4. The Court hereby orders that the parties take all necessary steps to effectuate the terms of the settlement agreement.

5. The Court hereby finds that under Fed. R. Civ. P. 23(c)(2), the settlement notice constituted the best notice practicable under the circumstances and that due and sufficient notice of the final fairness hearing and the rights of all class members has been provided.

6. In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Analytics Consulting LLC, settlement notices were timely distributed by first-class mail to all class members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and

remailed notices to those class members. In total, none were ultimately returned as undeliverable. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq. ("CAFA"), notice was provided to the Attorneys General for each of the states in which a class member resides and the Attorney General of the United States.

7. The Court finds that the settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

   a. The settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

   b. The settlement was negotiated only after class counsel had received substantial discovery from Defendants;

   c. The settling parties were well positioned to evaluate the value of the class action;

   d. If the settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

   e. The amount of the settlement ($19,000,000.00) is fair, reasonable, and adequate. The settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the

      risks of litigation, and settlements that have been approved in other similar cases;

   f. The class representatives have actively and independently participated in the class action;

   g. The class representatives and class counsel have concluded that the settlement agreement is fair, reasonable and adequate;

   h. Class members had the opportunity to be heard on all issues regarding the settlement and release of claims by submitting objections to the settlement agreement to the Court;

   i. There were no objections to the settlement; and

   j. The settlement was reviewed by an independent fiduciary, Fiduciary Counselors, Inc., who has approved the settlement.

8. The motion for final approval of the settlement agreement is hereby GRANTED, the settlement is APPROVED as fair, reasonable and adequate to the plan and the settlement class.

9. This action and all released claims asserted therein whether asserted by class representatives on their own behalf or on behalf of the class members, or on behalf of the plan, are hereby dismissed with prejudice without costs to any of the settling parties other than as provided for in the settlement agreement.

10. The plan and each class member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be: (a)

conclusively deemed to have, and by operation of the final approval order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the released parties from all released claims; and (b) barred and enjoined from suing the released parties in any action or proceeding alleging any of the released claims.

11. Each class member shall release the released parties and class counsel for any claims, liabilities, and attorneys' fees and costs arising from the allocation of the gross settlement amount or net settlement amount and for all tax liability and associated penalties and interest as well as related attorney's fees and costs.

12. The provisions of Sections 3.2.3., 3.2.4 and 3.2.5 of the settlement agreement shall apply even if any class member may thereafter discover facts in addition to or different from those which the class members or class counsel now know or believe to be true with respect to the class action and the released claims, whether or not such class members receive a monetary benefit from the settlement, whether or not such class members actually received the settlement notice, whether or not such class members have filed an objection to the settlement or to any application by class counsel for an award of attorney's fees and costs and administrative expenses, and whether or not the objections or claims for distribution of such class members have been approved or allowed.

13. The Court finds that all applicable CAFA requirements have been satisfied.

14. The Court finds that an award of attorneys' fees to class counsel in the amount of $6,333,333.33 (equal to one-third of the gross settlement amount) is reasonable. The Court further finds that reimbursement of litigation expenses in the amount of $615,148.25 and payment to Analytics Consulting LLC in the amount of $12,202 for settlement administration expenses is likewise reasonable.

15. The plan of allocation is approved. The Settlement Administrator shall have final authority to determine the share of the net settlement amount to be allocated to each class member in accordance with the plan of allocation. The Settlement Administrator is further authorized to direct the escrow agent to make such distributions from the qualified settlement fund as necessary to implement the plan of allocation.

16. Within thirty-one (31) calendar days following the issuance of all settlement payments to class members as provided by the plan of allocation approved by the Court, the Settlement Administrator shall prepare and provide to class counsel and defense counsel a list of each person who received a settlement payment or contribution from the qualified settlement fund and the amount of such payment or contribution.

17. Section 15(b) of the amended agreed confidentiality order entered in the class action (Doc. 241) is modified for the limited purpose of allowing the settling parties, class counsel, and defense counsel to retain and use confidential information and documents marked "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" in connection with claims that are excluded from the definition of "Released Claims" per Section 1.33.7 of the settlement agreement.

18. Upon the effective date of this Order under the settlement agreement, all settling parties, the settlement class, and the plan shall be bound by the settlement agreement and by this Order.

19. Following the entry of this Order, the Clerk is directed to terminate any pending motions, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of December, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE